# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WELK BIOLOGY CO., LTD., <br>     Plaintiff, <br> v. <br> HAKUMO LLC, <br>     Defendant. | Case No. 2:24-cv-01613-APG-NJK <br><br> **Order** <br><br> [Docket Nos. 63, 64] |

Pending before the Court is a motion for protective order filed by Plaintiff and Counter-Defendant Jway Foods, LLC. Docket No. 63. Also pending before the Court is Counter-Defendant Jennifer Huang's motion for protective order. Docket No. 64.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel must strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). To that end, discovery motions may be filed only after a robust conferral process, which requires personal consultation in the form of in-person, telephonic, or video discussions. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); *see also* Local Rule 26-6(c).

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply

1

a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

Plaintiff and Counter-Defendant Jway's pending motion provides that these parties have "objected in writing and engaged in good faith efforts to resolve these issues." Docket No. 63 at 4. As the case law and the rules make clear, however, "[t]he exchange of written, electronic, or voice-mail communications does not satisfy" the meet-and-confer requirement. Local Rule 1-3(f).

Counter-Defendant Huang's pending motion simply states that a meet and confer was held on April 4, 2025. Docket No. 64 at 9. This is insufficient to meet counsel's obligations to engage in a meaningful discussion as to each discovery dispute and to provide a detailed declaration.

Accordingly, the motions for protective order are **DENIED** without prejudice. Docket Nos. 63, 64.

IT IS SO ORDERED.

Dated: April 22, 2025

                                                                                    Nancy J. Koppe
                                                                                    United States Magistrate Judge