# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WELK BIOLOGY CO., LTD.,

    Plaintiff,

v.

HAKUMO LLC,

    Defendant.

Case No. 2:24-cv-01613-APG-NJK

**Order**

[Docket Nos. 66, 67]

Pending before the Court is a motion for protective order filed by Plaintiff and Counter-Defendant Jway Foods, LLC. And a motion for protective order filed by Counter-Defendant Jennifer Huang. Docket Nos. 66, 67. Defendant filed a response to each motion. Docket Nos. 68, 69. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel must strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). To that end, discovery motions may be filed only after a robust conferral process, which requires personal consultation in the form of in-person, telephonic, or video discussions. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); *see also* Local Rule 26-6(c).

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply

a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

Defendant submits that the issues raised in both motions likely could have been resolved without motion practice through a more robust and meaningful meet and confer process, "as well as some degree of compromise and cooperation on both sides." Docket Nos. 68 at 2, 69 at 2. Defendant further submits that "[m]any of the issues raised in the motions have either been resolved or are now moot." *Id*.

Accordingly, the motions are **DENIED** without prejudice. Docket Nos. 66, 67. Prior to the filing of any future motion, the parties must engage in a meaningful meet and confer.

IT IS SO ORDERED.

Dated: May 9, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge