**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WELK BIOLOGY CO., LTD,

    Plaintiff,

v.

HAKUMO LLC,

    Defendant.

Case No.: 2:24-cv-01613-APG-NJK

**Order**

[Docket No. 75]

Pending before the Court is the parties' stipulation to extend case management deadlines. Docket No. 75.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N. D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E. D. Cal. 1999)). That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022)

Here, the parties have failed to demonstrate diligence. The parties request more time to account for Plaintiff's expert's deposition. Docket No. 75 at 3. The parties submit that the deposition was initially scheduled for July 16, 2025, but on July 11, 2025, Plaintiff's counsel informed Defendant's counsel that the expert witness was not available. *Id.* The parties submit

that they began scheduling this deposition back in May. *Id*. The parties do not provide a date for when the deposition has been rescheduled. *See id.* The parties fail to demonstrate diligence as they decided to wait until the close of discovery to depose Plaintiff's expert. *See* Docket No. 72 (discovery cut-off deadline is July 16, 2025). The parties further request to extend the "non-dispositive motions" deadline. Docket No. 75 at 5. No such deadline exists. *See* Docket.

Nonetheless, as a <u>one-time courtesy</u>, the Court will allow a 30-day extension of the discovery cutoff deadline.

Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part. Docket No. 75.

Deadlines are **SET** as follows:

- Discovery cutoff:  August 15, 2025

- Dispositive motions:  September 15, 2025[1]

- Joint proposed pretrial order:  October 15, 2025, 30 days after resolution of dispositive motions, or further order of the Court

IT IS SO ORDERED.

Dated: July 16, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[1] The parties submit that if "the dispositive motion deadline remains August 16, 2025, [Defendant] will be forced to start briefing that motion now based on an incomplete record." Docket No. 75. On June 26, 2025, the dispositive motion deadline was extended to September 15, 2025. Docket No. 72 at 4.