# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WELK BIOLOGY CO., LTD.,<br>    Plaintiff(s),<br>v.<br>HAKUMO LLC,<br>    Defendant(s). | Case No. 2:24-cv-01613-APG-NJK<br>**Order**<br>[Docket No. 77] |

Pending before the Court is Defendant's motion to extend the current case management deadlines. Docket No. 77. Plaintiff filed a response in opposition. Docket No. 78. Defendant filed a reply. Docket No. 79. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motion.

The Court begins with the parties' dispute as to whether nonparty discovery (including depositions) must be completed before the discovery cutoff. Simply put, it must. Federal Rule of Civil Procedure 29(b) provides that "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." Further, "[t]he use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). The discovery cutoff applies to both party and nonparty discovery alike. *See Thomas v. Clark Cnty.*, No. 2:22-cv-00899-GMN-NJK, 2024 U.S. Dist. LEXIS 136917, at *2 (D. Nev. Mar. 6, 2024) (citing *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561-62 (S.D. Cal. 1999) (collecting cases)). Accordingly, all discovery, including nonparty depositions, must be completed before the discovery cutoff.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. This analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

It is time for discovery to wrap up in this case. On July 15, 2025, the parties filed a stipulation requesting an extension of time to extend the discovery cut-off and subsequent pretrial deadlines. Docket No. 75. The Court found that the parties "fail[ed] to demonstrate diligence as they decided to wait until the close of discovery to depose Plaintiff's expert." Docket No. 76. Despite the parties' submission that they began scheduling this deposition in May, the parties did not provide a date for when the deposition had been rescheduled. *See* Docket No. 75 at 3. However, as a one-time courtesy, the Court allowed a 30-day extension of the case management deadlines. *See id.*

On July 25, 2025, Defendant filed the instant motion to extend the discovery cut-off and subsequent deadlines. Docket No. 77. Defendant submits that it has diligently attempted to set and conduct the deposition of Welk's expert, Richard M. Teichner. *See id.* at 2-5. The Court agrees.

Accordingly, the Court **GRANTS** Defendant's motion to extend the discovery cut-off and subsequent deadlines. Docket No. 77. Case management deadlines are **RESET** as follows:

- Discovery cutoff: September 17, 2025
- Dispositive motions: October 30, 2025
- Joint proposed pretrial order: December 1, 2025, or 30 days after resolution of dispositive motions

**NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED.

Dated: August 15, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

2