UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELK BIOLOGY CO., LTD.,<br><br>　　Plaintiff,<br><br>v.<br><br>HAKUMO LLC, et al.,<br><br>　　Defendants. | Case No. 2:24-cv-01613-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 81, 90, 91] |

Pending before the Court is Defendant Hakumo LLC's motion to compel. Docket Nos. 81, 82.[1] Plaintiff filed a response. Docket No. 85. Defendant filed a reply. Docket No. 88. Plaintiff filed a supplement. Docket No. 89. Also pending before the Court is Defendant's motion to strike Plaintiff's supplemental briefing, Docket No. 90, or in the alternative, motion for leave to further respond. Docket No. 91. Plaintiff filed a response. Docket No. 92.[2] The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.   BACKGROUND**

Through the instant motion to compel, Defendant seeks to compel Plaintiff to produce documents, respond to interrogatories, and produce a Fed. R. Civ. P. 30(b)(6) designee regarding Plaintiff's newly disclosed damages calculation. Docket No. 82. The instant motion was filed on August 15, 2025. *Id.* The parties continued to engage in conferral efforts regarding these issues through August 27, 2025. *See* Docket Nos. 85-9; 88 at 2. Further, Plaintiff served Defendant with additional amended responses to Defendant's interrogatories on September 12, 2025. Docket No. 89 at 2.

---

[1] The Court notes that a Notice of Corrected Image/Document was filed regarding Defendant's motion to compel. *See* Docket No. 82. The Court herein cites to Docket No. 82 in reference to the instant motion to compel.

[2] The Court notes that Docket No. 92 is labeled as a "REPLY to Response." It is, however, a response in opposition to Defendant's motion. *See* Docket.

1

## II.     STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[3] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to

---

[3] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

establish reasonable limits on discovery." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

**III.   ANALYSIS**

It appears that the landscape of discovery changed during the pendency of the instant motion. Docket Nos. 82, 85, 88. The parties have differing views on that discovery, but have not engaged in a renewed meet and confer, as required.

**IV.   CONCLUSION**

For the reasons discussed above, the motion to compel is **DENIED** without prejudice. Docket Nos. 81, 82. The parties must reengage in robust conferral efforts that are in-person, by video, or by telephone, no later than October 28, 2025. This discussion must be fulsome and must be conducted in the spirit of cooperation that is required. Further, the Court **EXTENDS** the dispositive motions deadline to December 1, 2025. If necessary, any renewed motion to compel must be filed no later than November 7, 2025. Any renewed briefing—by both parties—must also be structured so that meaningful discussion supported by legal authority is presented as to each issue.

Further, the Court **DENIES** as moot Defendant's motion to strike Plaintiff's supplemental briefing, Docket No. 90, and Defendant's motion for leave to further respond. Docket No. 91.

IT IS SO ORDERED.

Dated: October 21, 2025

                                                                _____
Nancy J. Koppe
United States Magistrate Judge