# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WELK BIOLOGY CO., LTD., <br>     Plaintiff, <br> v. <br> HAKUMO LLC, <br>     Defendant. | Case No. 2:24-cv-01613-APG-NJK <br> **Order** <br> [Docket No. 99] |

Pending before the Court is Defendant's motion to seal. Docket No. 99. Plaintiff did not file a response. *See* Docket.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The filing at issue is Exhibit B to Defendant's reply in support of its motion to compel. *See* Docket Nos. 98-2, 100. Defendant submits that the document was produced by Plaintiff during discovery, and that Plaintiff contends that it depicts confidential financial information. *See* Docket No. 99 at 1-2. Since Plaintiff has failed to demonstrate that the exhibit meets the standard for redaction or sealing, the Court cannot make a determination as to whether the exhibit is properly sealed or should be unsealed.

Accordingly, the Court **DEFERS** ruling on the motion to seal. Docket No. 99. The Clerk's Office is **INSTRUCTED** to continue maintaining the subject exhibit under seal at this juncture. Docket No. 100. Plaintiff must file a response to Defendant's motion to seal by December 12, 2025. That response must include an evidentiary showing (presumably a declaration from someone with personal knowledge), must provide argument specific to the information at issue, and must propose redactions, if appropriate.

IT IS SO ORDERED.

Dated: December 4, 2025.

                                                    Nancy J. Koppe
                                                    United States Magistrate Judge