UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WELK BIOLOGY CO., LTD.,

    Plaintiff,

v.

HAKUMO LLC,

    Defendant.

Case No. 2:24-cv-01613-APG-NJK

**Order**

[Docket No. 99]

Pending before the Court is Defendant's motion to seal. Docket No. 99. Plaintiff filed a response. Docket No. 112.

Plaintiff initially failed to respond at all to Defendant's motion. *See* Docket. The Court, therefore, ordered Plaintiff to respond. Docket No. 111. The Court ordered that Plaintiff's response must include an evidentiary showing as to why sealing or redaction is appropriate. *Id.* at 2.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in

1

transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The filing at issue is Exhibit B to Defendant's reply in support of its motion to compel. *See* Docket Nos. 98-2, 100. Defendant submits that the document was produced by Plaintiff during discovery, and that Plaintiff contends that it depicts confidential financial information. *See* Docket No. 99 at 1-2. Plaintiff contends that the document details Plaintiff's costs concerning products sold to Defendant associated with Walmart from July 2022 to May 2024. *See* Docket No. 112 at 2. Further, Plaintiff asserts that this document contains information regarding its markups, price structure, and profits, which would provide Plaintiff's competitors with an unfair advantage in competing in the United States boba market. *See id.* Additionally, Plaintiff submits that the public's interests are not served in knowing Plaintiff's costs and pricing structures as to historical sales to Defendant concerning products sold to Walmart. *Id.* Plaintiff's response, however, relies solely on the assertions of counsel, despite the caselaw and the Court's clear order. *See, e.g.*, Docket Nos. 111, 112. Further, despite the Court's order and the caselaw, Plaintiff fails to address redaction. *Id.*

Accordingly, Plaintiff has failed to meet the necessary standard for sealing. The Court will give Plaintiff one <u>final</u> chance to comply with its order and the caselaw. No later than December 22, 2025, Plaintiff must file a supplemental response to the motion to seal. This response must

include an evidentiary showing, not assertions of counsel. The response must also address whether redaction is appropriate. Failure to comply will result in the unsealing of the exhibit. The Clerk's Office is **INSTRUCTED** to maintain the exhibit under seal at this juncture. Docket No. 100.

IT IS SO ORDERED.

Dated: December 15, 2025.

								_____
								Nancy J. Koppe
								United States Magistrate Judge