**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WELK BIOLOGY CO., LTD.,

     Plaintiff,

v.

HAKUMO LLC, et al.,

     Defendants.

Case No. 2:24-cv-01613-APG-NJK

**Order**

[Docket No. 94]

Pending before the Court is Defendant Hakumo LLC's motion to compel. Docket No. 94. Plaintiff filed a response. Docket No. 97. Defendant filed a reply. Docket No. 98. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

This discovery dispute arises from Plaintiff's amendment to its initial disclosures in which it lists a computation for consequential damages in the amount of $26,850,324—for the first time. Docket No. 95-14 at 5 (Plaintiff's fourth supplement to initial disclosures). Defendant contends that this figure represents its revenue from sales to Walmart, and that Plaintiff claims that these damages were incurred as a result of Defendant's alleged interference with Walmart. Docket No. 94 at 6. Further, Defendant submits that Walmart is not mentioned in Plaintiff's complaint, was not disclosed in response to interrogatories, and that Plaintiff has never done business with Walmart. *See id.* Additionally, Defendant submits that Plaintiff deliberately waited until after Defendant deposed Plaintiff's Rule 30(b)(6) witness to disclose the identity of Walmart. *See id.* at 3. Plaintiff contends that it has complied with its discovery obligations to date. Docket No. 97.

Defendant previously filed a motion to compel, which was fully briefed. Docket Nos. 81, 82, 85, 88. On October 21, 2025, the Court denied Defendant's motion without prejudice and ordered the parties to reengage in robust conferral efforts. Docket No. 93. The Court explained that the landscape of discovery changed during the pendency of the motion and the parties had not

engaged in a renewed meet and confer, as required. *Id.* at 3. Further, the Court ordered that any renewed briefing—by both parties—must also be structured so that meaningful discussion supported by legal authority is presented as to each issue. *Id.* at 3.

The parties participated in a renewed meet-and-confer on October 27, 2025. Docket Nos. 94 at 2, 97 at 3. Defendant then filed the instant renewed motion to compel. Docket No. 94.

## II.   STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[1] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)).

---

[1] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery."  *Guerrero*, 2017 WL 7314240, at *2 (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court."  *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests."  *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

## III.    ANALYSIS

Defendant seeks to compel Plaintiff to produce documents, respond to interrogatories, and produce a Rule 30(b)(6) designee for a further deposition.  Docket No. 94 at 2.

### A.  Request for Production No. 11

Request for Production No. 11 seeks documents showing Plaintiff's profitability from sales of JWAY branded products in the United States from 2015 through 2025.  Docket No. 95-15 at 9-10.  Plaintiff contends that this request seeks irrelevant, disproportionate, and impermissibly expansive discovery.  Docket No. 97 at 12-13.  Further, Plaintiff submits that it has produced all financial records related to the transactions at issue, including the August 12 production containing the revenue and profit calculations, as well as underlying source documents.  *See id.* at 13.  Additionally, Plaintiff contends that the discovery sought would require Plaintiff to disclose commercially significant financial data from a decade of business operations to a direct competitor.  *See id.*  Defendant contends that the spreadsheet produced on August 12 was created by Plaintiff shortly before production, it is not a business record, and Plaintiff did not produce the underlying source documents.  Docket No. 98 at 3.

Given that Plaintiff asserts a $26,850,324 claim for consequential damages, which includes lost revenue from Defendant's alleged wrongful conduct relating to JWAY products, Defendant's request for documents showing the profitability of these products is relevant.  *See* Docket No. 97-1 at 9 (Plaintiff's fifth supplement to its initial disclosures); *see also* Docket No. 1 at 4-6 (allegations of Defendant's wrongful conduct relating to JWAY products and the JWAY trademark); *see also AJY Int'l, Inc. v. Paldo Co.*, 2017 WL 3588241, at *3 (N.D. Cal. Aug. 19, 2017) (citing *Valdez v. Travelers Indem. Co. of Connecticut*, 2013 WL 3989583, at *4 (N.D. Cal. Aug. 2, 2013)) (holding that discovery of financial documents is relevant where a party claims lost profits and consequential damages).  However, a temporal scope of 2015 through 2025 appears overly broad because Plaintiff was founded in September 2019 and the parties' business relationship began in 2020.  *See* Docket No. 1 at 2-3 (complaint indicates that Plaintiff was founded in September 2019 and introduced to Defendant in June 2020).  Thus, a temporal scope of 2019 through 2025 is reasonable here.  *See Alvarado-Herrera v. Acuity*, 2022 WL 18108429, at *2 (D. Nev. Nov. 8, 2022), *aff'd sub nom.* 2023 WL 5035323 (D. Nev. Aug. 4, 2023) (citing *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 265 (N.D. Ill. 1979)) ("Courts judge the appropriate temporal scope of discovery based on what is reasonable in the circumstances of the specific case").

As to Plaintiff's argument about the sensitivity and commercial significance of this financial information, Plaintiff fails to cite any points and authorities supporting its argument.  *See also* Docket No. 93 at 3 (the Court's order that any renewed briefing—by both parties—must be structured so that meaningful discussion supported by legal authority is presented as to each issue).  As to Plaintiff's argument that "it has produced the complete universe of responsive information in its possession," Plaintiff fails to explain how or when it did so.  *See* Docket No. 97 at 13; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("The party seeking to avoid discovery bears the burden of showing why it should not be permitted").

Therefore, the motion to compel is granted in part as to Request for Production No. 11.  Plaintiff must produce documents showing its profitability from sales of JWAY branded products in the United States from 2019 through 2025.

**B.  Interrogatory No. 3**

Interrogatory No. 3 asks Plaintiff to identify the amount of revenue and profit it made from the sale of products to Defendant Hakumo for each year it sold products to Defendant Hakumo. Docket No. 95-12 at 5-6.  Plaintiff contends that it produced a complete set of Walmart-related financial materials for the relevant period and also produced a summary spreadsheet derived directly from source records to assist Defendant in reviewing that data.  Docket No. 97 at 11. Plaintiff submits that it supplied the full factual basis supporting its damages computation. *See id.* Further, Plaintiff contends that Defendant received these materials and used them to depose Plaintiff's damages expert. *See id.* at 11-12.  Defendant contends that, although Federal Rule of Civil Procedure 33 allows parties to respond to interrogatories by producing business records, the spreadsheet produced by Plaintiff was created during the course of litigation without any underlying transactional data, and is not a business record.  Docket No. 98 at 3; *see also* Docket No. 98-1 at 3-4 (Defendant's counsel's declaration asserting that the Excel spreadsheet produced by Plaintiff's was created on July 27, 2025).  Further, Defendant contends that Plaintiff has not identified its responsive financial data by Bates number. *See id.* at 4.

A party responding to interrogatories may answer by producing its business records if the answer may be determined by examining, auditing, compiling, abstracting, or summarizing those records and the burden will be substantially the same for either party. Fed. R. Civ. P. 33(d).  The responding party may answer by (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries. *Id.*  The responding party must give the interrogating party a reasonable opportunity to examine the records. *See McSwiggin v. Omni Limousine*, 2016 WL 1030053, at *6 (D. Nev. Mar. 10, 2016) (quoting *Taylor v. Aria Resort & Casino, LLC*, 2013 WL 2355462, at *4 (D. Nev. May 29, 2013)).  "The proper way to use Rule 33(d) is to offer records in a manner that permits the same direct and economical access that is available to the responding party." *Id.*

Defendant has the better argument.  Plaintiff has not demonstrated that the produced Excel spreadsheet is a business record.  Further, it does not appear that Plaintiff has provided Defendant a reasonable opportunity to examine and audit the underlying records for the produced spreadsheet. *See* Docket No. 95-22 at 3 (Defendant's counsel's declaration asserting that Plaintiff has not produced various types of documents); *see also* Docket No. 94 at 13 (asserting that Plaintiff has not supplemented its response or produced the promised documents).  Additionally, Plaintiff's response to the interrogatory does not specify the business records that Defendant must review. *See* Docket No. 95-12 at 6.  Therefore, the motion to compel is granted as to Interrogatory No. 3.

**C.  Interrogatory No. 8**

Interrogatory No. 8 asks Plaintiff to (1) identify each customer, distributor, or prospective economic advantage with which it claims Defendant Hakumo interfered; (2) describe the interference with particularity; (3) describe how Defendant Hakumo's interference caused Plaintiff damages; and (4) state the amount of damages and how those damages were calculated for each customer, distributor, or prospective economic advantage.  Docket No. 95-12 at 10-11.  Defendant contends that Plaintiff's response does not mention Walmart as a customer, that Plaintiff has not supplemented its response or produced promised documents, and that Plaintiff should be compelled to describe with particularity how Defendant allegedly interfered with Plaintiff's relationship with Walmart.  *See* Docket No. 94 at 3, 13.  Plaintiff contends that its response directing Defendant to "the files produced in connection with Response No. 21 of [Plaintiff's] Responses to [Defendant Hakumo's] First Set of Production of Documents" was sufficient.  *See* Docket No. 97 at 10; *see also* Docket No. 95-12 at 11.  Further, Plaintiff submits that it produced documents which identified Walmart among Plaintiff's customers.  *See* Docket No. 97 at 10-11. Defendant contends that Plaintiff's amended response remains deficient because it fails to provide any description of how Defendant allegedly tortiously interfered with Plaintiff's prospective business opportunities.  Docket No. 98 at 4-5.

Defendant has the better argument.  First, Plaintiff's initial response referencing the documents produced in response to Request for Production No. 21 from Defendant Hakumo's First Set of Production of Documents does not appear to satisfy Rule 33(d)'s requirements to specify

the records that must be reviewed in sufficient detail and give the interrogating party a reasonable opportunity to examine and audit the records. *See* Fed. R. Civ. P. 33(d). Second, Plaintiff's amended response to this interrogatory does not identify Walmart or provide the specific information requested as to how Defendant interfered with Plaintiff's relationship with Walmart. *See* Docket No. 98-3 at 5-6 (Plaintiff's third amended response). Therefore, the motion to compel is granted as to Interrogatory No. 8.

### D. Further Rule 30(b)(6) Deposition

Defendant seeks to compel a further deposition of Plaintiff's Rule 30(b)(6) witness, limited to 3.5 hours and only about Plaintiff's claim for consequential damages. Docket No. 94 at 14-17; *see also* Docket No. 97-1 at 46 (amended deposition notice matters for examination). Plaintiff contends that damages calculations are the province of experts—not Rule 30(b)(6) witnesses—and that Defendant deposed Plaintiff's damages expert after it had received the Walmart summary spreadsheet and underlying financial records. Docket No. 97 at 13-14. Further, Plaintiff contends that Defendant's Rule 30(b)(6) witness testified that he could not discuss damages because that subject belonged to Defendant's expert; therefore, Plaintiff's corporate designee should not be required to testify as to damages. *See id.* at 14. Defendant contends that Plaintiff had not disclosed Walmart as a customer or claimed over $26 million in consequential damages when Defendant deposed Plaintiff's Rule 30(b)(6) witness. Docket No. 98 at 5.

First, Plaintiff fails to cite any points and authorities for the proposition that damages calculations are not the province of Rule 30(b)(6) witnesses. *See* Docket No. 97 at 13-14; *see also* Docket No. 93 at 3 (the Court's order that any renewed briefing—by both parties—must be structured so that meaningful discussion supported by legal authority is presented as to each issue). Further, the matters of examination included in the amended deposition notice do not ask Plaintiff's corporate designee to offer an expert opinion, economic model, or damages quantification; instead, the topics generally address Plaintiff's document production, relationship with Walmart, and sales to Walmart. *See* Docket No. 97-1 at 46.

Given that Plaintiff did not disclose its $26 million claim for consequential damages until after Defendant deposed Plaintiff's Rule 30(b)(6) witness, and that Defendant has offered a limited

time and scope for the deposition, the Court finds that a further deposition is appropriate. *See EB Holdings II, Inc. v. Illinois Nat'l Ins. Co.*, 2022 WL 18109264, at \*3 (D. Nev. Mar. 9, 2022).

### E.  Request for Fees

Both parties request an award of fees incurred in briefing the instant motion. *See* Docket No. 97 at 16; see also Docket No. 94 at 17-18.  The Court declines to award either party fees.

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion with the limitations stated above.  Docket No. 94.  The ordered discovery must be provided no later than April 16, 2026.  The deposition must take place on or before April 23, 2026, and is limited to 3.5 hours.

IT IS SO ORDERED.

Dated: March 26, 2026

_____
Nancy J. Koppe
United States Magistrate Judge